UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25648-WILLIAMS/LETT

CELEBRITY CRUISES, INC. and
ROYAL CARIBBEAN CRUISES, LTD.
d/b/a ROYAL CARIBBEAN GROUP,

    Plaintiffs,

vs.

ANGEL CHRISTOPHER GOMEZ,

    Defendant.
_____/

**JOINT MOTION FOR EXTENSION OF TIME TO FILE
JOINT SCHEDULING REPORT AND PROPOSED SCHEDULING ORDER**

    Plaintiffs, Celebrity Cruises, Inc. and Royal Caribbean Cruises, Ltd. d/b/a Royal Caribbean Group, and Defendant, Angel Chritopher Gomez, (collectively, the "Parties") by and through their respective undersigned counsel and pursuant to Local Rule 7.1 and Federal Rule of Civil Procedure 6(b), jointly move for an extension of time to file their Joint Scheduling Report and Proposed Scheduling Order, as follows:

### I. Relevant Procedural History

    1.    On November 26, 2025, Plaintiffs filed their Complaint [ECF No. 1-1] in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action").

    2.    On December 2, 2025, Defendant timely removed the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 based on diversity jurisdiction. [ECF No. 1].

    3.    On December 4, 2025, Plaintiffs filed an Expedited Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion") [ECF No. 4].

    4.    On December 5, 2025, the Court entered its Order of Referral and Notice of Court Practice and Procedures in Removal Cases [ECF No. 7], referring pretrial matters to Magistrate Judge Anjoliqué A. Lett and directing the parties to file a Joint Scheduling Report and Proposed Scheduling Order within fourteen days pursuant to Local Rule 16.1(b).

5. On December 5, the Court set an evidentiary hearing on Plaintiff's TRO Motion for December 12, 2025. [ECF No. 12].

6. On December 12, 2025, the Court conducted an evidentiary hearing before Magistrate Judge Lett on Plaintiffs' TRO Motion.

7. Following the evidentiary hearing, the Court directed the parties to submit proposed Reports and Recommendations addressing the issues raised by the motion and facts established through the record and evidentiary hearing.

8. On December 17, 2025, the Parties timely filed their respective Proposed Reports and Recommendations.

9. The Parties are presently awaiting the Court's Report and Recommendation and any subsequent ruling by the District Court on the pending TRO Motion.

## II. Good Cause for Extension

10. Good cause exists for extending the deadline to file the Joint Scheduling Report and Proposed Scheduling Order until two weeks after the Court issues its ruling on the pending Plaintiff's TRO Motion.

11. Entry of a Scheduling Order at this stage would cause the deadline for the Parties to exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A) and other case deadlines to begin running before the Court has ruled on the dispositive injunctive relief requested in the TRO Motion, potentially requiring the Parties in engage in discovery and disclosures that may be rendered unnecessary, inefficient, or premature depending on the Court's ruling on the TRO Motion.

12. Tying the deadline for the Joint Scheduling Report to the Court's ruling – rather than a date certain – will avoid the likelihood of serial extension requests, potential continuances, or unnecessary motion practice in the event of objects and/or appeals to the Report and Recommendation or further review by the District Court.

13. This requested extension is made in good faith and will promote judicial economy and conserve the resources of the Court and the parties while the threshold injunctive issues are resolved.

### III. Legal Basis and Requested Relief

14. Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time... if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

15. The requested extension is supported by good cause because the Court has not yet issued its Report and Recommendation or ruling on Plaintiffs' TRO Motion, and entry of a Joint Scheduling Report and Scheduling Order at this stage would trigger disclosures and case deadlines before resolution of the threshold injunctive issues.

16. Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

17. Accordingly, the Parties respectfully request that this Honorable Court extend the deadline to file the Joint Scheduling Report and Proposed Scheduling Order until fourteen (14) days after the Court issues its ruling on Plaintiffs' pending TRO Motion.

Respectfully submitted this 19th day of December 2025,

s/ Tyler A. Sims
Tyler A. Sims, Esq. (1038908)
tsims@littler.com
West A. Holden, Esq. (0113569)
wholden@littler.com
LITTLER MENDELSON P.C.
111 N. Orange Avenue, Suite 1750
Orlando, Florida 32801
Telephone: (407) 393-2900
*Counsel for Plaintiffs*

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
Samuel G. Gonzalez, Esq. (1011323)
samuel@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Defendant*