UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 25-25648-CIV-WILLIAMS

**CELEBRITY CRUISES, INC. and**
**ROYAL CARIBBEAN CRUISES LTD.,**
**d/b/a ROYAL CARIBBEAN GROUP**,

      Plaintiffs,

v.

**ANGEL CHRISTOPHER GOMEZ**,

      Defendant.
_____/

## JOINT CONFERENCE AND SCHEDULING REPORT

Pursuant to Local Rule 16.1(b)(2), and the Court's Orders entered on December 5 and 29, 2025 [ECF Nos. 7, 33], counsel for Plaintiffs, Celebrity Cruises, Inc. and Royal Caribbean Cruises Ltd. d/b/a Royal Caribbean Group, and Defendant, Angel Christopher Gomes, after having met and conferred, submit the following Joint Conference Report and Joint Scheduling Report (filed herewith):

**I.**    **CASE MANAGEMENT TRACK**

The Parties recommend that this case be placed on the Standard Case Management Track, as defined in Local Rule 16.1(a)(2)(B).

**II.**    **LOCAL RULE 16.1(b)(2) JOINT CONFERENCE REPORT**

    **A.**    **Likelihood of settlement:**

The parties have engaged in preliminary settlement discussions. At this point, settlement is unlikely until this Court rules on Magistrate Judge Lett's Report and Recommendation on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, after which the parties are likely to re-address the potential for resolution.

**B.     Likelihood of appearance in the action of additional parties:**

Plaintiffs are considering adding Defendant's new employer Ama Waterways as a Defendant depending on the facts revealed in discovery.

**C.     Proposed limits on time:**

    (i)     to join other parties and to amend the pleadings:     Friday, Mar. 6, 2026

    (ii)    to file and hear motions:     Friday, Dec. 4, 2026

    (iii)   to complete discovery:     Monday, Oct. 5, 2026

**D.     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims and defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties will work in good faith to attempt to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery. Plaintiffs anticipate the possibility of filing a motion for summary judgment on liability after the close of discovery.

**E.     Amendments to pleadings:**

Other than Plaintiffs possibly adding a Defendant (*see* (B) above), they have none contemplated at this time. The Defendant is considering amending his Affirmative Defenses to address and/or include other defenses based on facts which either were disclosed and discovered during the evidentiary hearing or which may be revealed during the exchange of information and materials in the discovery process.

**F.     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding the authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on the admissibility of evidence:**

The Parties will work together to streamline the issues before this Court, obtain appropriate admissions and stipulations, and seek advance rulings from the Court regarding the admissibility of evidence.

  G. **Avoidance of unnecessary proof and of cumulative evidence:**

The Parties will seek to stipulate prior to the close of discovery to any facts or the authentication of documents that may simplify the case for trial.

  H. **Referral of Magistrate:**

The Parties do not consent to the trial or final disposition of this matter by a Magistrate Judge.

  I. **Estimated time for trial:**

The Parties estimate that a jury trial of this matter will take four days.

  J. **Dates for conferences before trial, final pretrial conference, and trial:**

   1. **Trial** – March 22, 2027
   2. **Pre-trial Conference** – Wednesday, March 17, 2027, at 9:30 a.m.
   3. **Joint Pre-trial Stipulation** – Friday, March 12, 2027
   4. **Motion in Limine deadline** – Monday, February 8, 2027
   5. **Completion of Mediation** – Friday, August 28, 2026

  K. **Any issues about:**

   i. disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

Each Party will take reasonable steps to preserve relevant ESI. The Parties agree to produce documents in a reasonably usable form or forms as required under FRCP 34(b)(2)(E)(ii), with the initial production of such ESI in searchable Word, Excel, .pdf, or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format. The Parties will confer

regarding proportionality and will not seek ESI from sources that are not reasonably accessible due to undue burden or cost, consistent with Fed. R. Civ. P. 26(b)(2)(B). With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that fall within the scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). The parties agree that such discussions may be used in connection with any discovery disputes presented to the Court.

      ii.      **claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties will endeavor to negotiate in good faith and enter into a mutually agreeable confidentiality stipulation governing the designation, treatment, and disclosure of confidential information, which will include a mutually agreeable clawback agreement to address inadvertent disclosure of privileged material and the ability to challenge a designation of material as privileged or confidential.

      iii.      **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

    **L.**    **Other Helpful Information**:

      None at this time.

| | |
|---|---|
| LITTLER MENDELSON P.C.<br>Attorneys for Plaintiffs | FAIRLAW FIRM<br>Attorneys for Defendant |
| */s/ Tyler A. Sims* | */s/ Brian H. Pollock* |
| Tyler A. Sims<br>Florida Bar No. 1048908<br>tsims@littler.com<br>West A. Holden<br>Florida Bar No. 0113569<br>wholden@littler.com<br>111 North Orange Avenue, Suite 1750<br>Orlando, FL 32801.2366<br>Tel:   407.393.2900<br>Fax:   407.393.2929 | Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>Patrick Brooks LaRou, Esq.<br>brooks@fairlawattorney.com<br>Samuel C. Gonzalez, Esq.<br>samuel@fairlawattorney.com<br>135 San Lorenzo Avenue, Suite 770<br>Coral Gables, FL 33146<br>Telephone: (305) 230-4884 |

Paul J. Kennedy (*pro hac vice* to be filed)
Virginia Bar No. 29802
pkennedy@littler.com
815 Connecticut Avenue, N.W.
Suite 400
Washington, DC 20006
Tel:   202.414.6855

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 12th day of January 2026, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record.

*/s/ Tyler A. Sims*
Tyler A. Sims