UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-CV-25648-WILLIAMS/LETT

CELEBRITY CRUISES, INC. and
ROYAL CARIBBEAN CRUISES LTD.,
d/b/a ROYAL CARRIBEAN GROUP,

      Plaintiffs,

v.

ANGEL CHRISTOPHER GOMEZ,

      Defendant.

_____/

## **DEFENDANT'S RULE 26(a) DISCLOSURES**

Defendant, Angel Christopher Gomez, discloses the following pursuant to Rule 26(a) of the

Federal Rules of Civil Procedure, Local Rule 26.1, and the information reasonably available to

him:

### **i.  Individuals with Discoverable Information**

The following list of individuals known to the Defendants at this time are likely to have discoverable information that the Defendants may use to support their defenses, unless solely for impeachment, and the subjects of that information:

**1.  Angel Christopher Gomez, Defendant**
c/o FairLaw Firm

Angel Christopher Gomez knows about his employment history with Plaintiffs, including his role, responsibilities, access to company materials, and his departure. He also knows his subsequent employment, his compliance with or understanding of the restrictive covenants, his communications with Plaintiffs' representatives, and facts relevant to Plaintiffs' allegations of breach of non-compete, non-solicitation, and confidentiality obligations. He further has information regarding unpaid accrued PTO and related company policies.

Mr. Gomez possesses information regarding his 17-plus years of employment with Celebrity Cruises and Royal Caribbean, including his various roles, responsibilities, performance, and promotions through Assistant Vice President positions. He also has knowledge concerning the nature and scope of his job duties, the degree of access he had

to the company system, sales information, and operational materials, and his participation in leadership, strategy, and sales-related meetings.

He further possesses information related to his resignation in April/May 2025, including the circumstances surrounding it, his communications with Plaintiffs during the notice period, and his understanding of his obligations under the 2016/2017 RSU Agreements, 2019-2025 RSU Agreements, and 2018 Non-Compete Agreement, and the 2022 Non-Compete Agreement as well as his position that these restrictions are overbroad, unenforceable, and inapplicable to AmaWaterways (which, as alleged in the Answer, is not in the same line of business)

Additionally, Mr. Gomez has knowledge relevant to Plaintiffs' claims that he breached restrictive covenants, including Plaintiffs' allegations of competitive employment, solicitation of employees, and use/misappropriation of confidential information, as well as his denial of these claims and his explanations regarding Plaintiffs' forensic assertions (including his statement that Plaintiffs' IT system prevented unauthorized downloading, and that any file access or device usage was in the ordinary course of his work or part of returning his laptop).

Mr. Gomez also has information concerning unpaid accrued PTO, the companies' policies and practices related to PTO payout, and other employment-related policies affecting his compensation upon separation.

2. **Designated Representative(s), Celebrity Cruises, Inc., and Royal Caribbean Cruises LTD., d/b/a Royal Caribbean Group**
   c/o LITTLER MENDELSON P.C.

The representative of Celebrity Cruises, Inc., is/are believed to know about Mr. Gomez's employment, job duties, and performance, the scope and application any and all agreements related to his employment and/or restricted stock ownership, including any non-compete, non-solicitation, and confidentiality provisions, its policies, practices and procedures regarding confidential information and employee departures, payment of accrued but unused PTO, data access, storage devices, and exit review, and communications surrounding Mr. Gomez's resignation and the decision to bring suit.

The representative(s) is/are believed to know about the IT issues relevant in this case, including access, upgrade, and review of the devices used by Mr. Gomez, his ability to access, forward, and/or download information, the information he accessed and reviewed, the issuance of company devices, security protocols, use of external drives, exit procedures, and the internal investigation conducted after Mr. Gomez's departure including the company's review of device activity, file access, alleged data transfers, browser history deletion, and cloud interactions, as described in the Complaint.

The representative(s) is/are further expected to have knowledge regarding Plaintiffs' allegations of:

o   Mr. Gomez's alleged competitive employment with AmaWaterways;
o   Alleged solicitation of Plaintiffs' employees;
o   Damages claimed;
o   Mitigation;
o   Alleged use or retention of confidential or trade secret information;
o   The decision-making process that led to filing suit, including internal communications surrounding his resignation, and
o   Plaintiffs' policies on accrued PTO, employee departures, and compensation practices.

**3.      Designated Representative(s), Royal Caribbean Cruises LTD. d/b/a Royal Caribbean Group**
c/o LITTLER MENDELSON P.C.

The representative of Royal Caribbean Cruises LTD. d/b/a Royal Caribbean Group is/are believed to know about Mr. Gomez's employment, job duties, and performance, the scope and application any and all agreements related to his employment and/or restricted stock ownership, including any non-compete, non-solicitation, and confidentiality provisions, its policies, practices and procedures regarding confidential information and employee departures, payment of accrued but unused PTO, data access, storage devices, and exit review, and communications surrounding Mr. Gomez's resignation and the decision to bring suit.

The representative(s) is/are believed to know about the IT issues relevant in this case, including access, upgrade, and review of the devices used by Mr. Gomez, his ability to access, forward, and/or download information, the information he accessed and reviewed, the issuance of company devices, security protocols, use of external drives, exit procedures, and the internal investigation conducted after Mr. Gomez's departure including the company's review of device activity, file access, alleged data transfers, browser history deletion, and cloud interactions, as described in the Complaint.

The representative(s) is/are further expected to have knowledge regarding Plaintiffs' allegations of:

o   Mr. Gomez's alleged competitive employment with AmaWaterways;
o   Alleged solicitation of Plaintiffs' employees;
o   Damages claimed;
o   Mitigation;
o   Alleged use or retention of confidential or trade secret information;
o   The decision-making process that led to filing suit, including internal communications surrounding his resignation, and
o   Plaintiffs' policies on accrued PTO, employee departures, and compensation practices.

**4.      Michelle Johnson Sharma – VP, Global Contact Center**
**Phone Number: +44 7795 358182**

**Email: Mjohnson@celebrity.com**

Michelle Johnson Sharma is believed to know about Mr. Gomez's employment with Plaintiff, the general business of Plaintiff, the chain of command under which Mr. Gomez was hired, the terms under which he was hired, the work communications with and about Mr. Gomez, his job duties, responsibilities, and role within Plaintiff's sales and service operations, including the scope of his managerial authority and reporting structure, Mr. Gomez's access to company systems, internal information, and business materials during the course of his employment, Plaintiff's policies and practices concerning confidentiality, employee access to company information, and the handling of company materials, the circumstances that led up to the Mr. Gomez's resignation of employment with Plaintiff, communications within Plaintiff's leadership or management relating to Mr. Gomez's resignation and subsequent employment, Mr. Gomez's policies, practices, and expectations concerning restrictive covenant agreements, including non-compete and non-solicitation provisions applicable to employees Mr. Gomez's roles, policies and procedures regarding employee departures and post-employment obligations, and other information relevant to the issues raised by the pleadings.

5.      **Kathy Barbrooke – Senior Director, Training and Service Excellence**
        **Phone Number: +44 7917890225 or +44 7808 643917**
        **Email: Kbarbrooke@celebrity.com**

Kathy Barbrooke is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, Mr. Gomez's role and responsibilities within Plaintiff's sales and service organization, the chain of command and leadership structure within Mr. Gomez's department, and work communications involving Mr. Gomez. Ms. Barbrooke is further believed to have knowledge regarding internal leadership meetings and discussions relating to Plaintiff's strategic initiatives, including discussions concerning the development of a river cruise project and the limited group of personnel who were permitted to participate in or receive information relating to that project. She is also believed to have knowledge regarding Mr. Gomez's lack of participation in certain internal meetings or projects, the scope of information to which Mr. Gomez did or did not have access during his employment, and other information relevant to the issues raised by the pleadings.

6.      **Charles ("Chuck") Baker – Director of Global Training**
        **Email: cbaker@celebrity.com**

Charles ("Chuck") Baker is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, and Mr. Gomez's role and responsibilities within Plaintiff's sales and service organization, including the chain of command and leadership structure within Mr. Gomez's department. Mr. Baker is further believed to have knowledge regarding internal leadership discussions and meetings involving Plaintiff's strategic initiatives, including discussions concerning Plaintiff's development of a river cruise project and the limited group of personnel selected to

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

participate in or receive information relating to that initiative. Mr. Baker may also have knowledge regarding the scope of information to which Mr. Gomez did or did not have access during his employment, the internal handling of confidential strategic projects, and other information relevant to the issues raised by the pleadings.

6.      **Tiffany Rizo – HR Manager**
        **Phone Number: 786-375-7802**
        **Email: trizo@celebrity.com**

Tiffany Rizo is believed to know about Mr. Gomez's employment with Plaintiff, the general business of Plaintiff, Mr. Gomez's hiring, employment history, and reporting structure within the organization, and communications involving Mr. Gomez and Human Resources during his employment. Ms. Rizo is further believed to have knowledge regarding Plaintiff's human resources policies and procedures, including policies relating to employee conduct, workplace complaints, compensation and benefits practices, employee discipline, and employee separation procedures. She is also believed to have knowledge regarding communications or reports made by Mr. Gomez to Human Resources concerning workplace conditions or concerns, as well as the circumstances surrounding Mr. Gomez's resignation and Plaintiff's internal processes relating to employee departures and post-employment obligations.

7.      **Jason Montes De Oca – Director, Hotel Operations**
        **Email: Jmontesdeoca@celebrity.com**

Jason Montes De Oca is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, Mr. Gomez's job performance and professional interactions within the organization, and work communications involving Mr. Gomez. Mr. Montes De Oca is also believed to have knowledge regarding the workplace environment within Mr. Gomez's department, including statements and conduct by senior leadership that Mr. Gomez contends contributed to a hostile or discriminatory work environment and influenced his decision to resign from Plaintiff. Mr. Montes De Oca is further believed to have knowledge regarding interactions involving Mr. Gomez, Keith Lane, and other members of leadership, as well as other information relevant to the issues raised by the pleadings.

8.      **Keith Lane – SVP, Clobal Contact Centers and Hotel Operations (above Michelle)**
        **Phone Number: 954-224-7423**
        **Email: Klane@celebrity.com**

Keith Lane is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, Mr. Gomez's job duties, responsibilities, and role within Plaintiff's sales and service operations, including the scope of his managerial authority and reporting structure. Mr. Lane is also believed to have knowledge regarding Mr. Gomez's access to company systems, internal information, and business materials during the course of his employment, communications within Plaintiff's leadership relating to Mr. Gomez's

role and performance, and the circumstances surrounding Mr. Gomez's resignation from employment. Mr. Lane is further believed to have knowledge regarding interactions with Mr. Gomez and other employees within the department, including workplace conduct and statements attributed to him that Mr. Gomez contends contributed to a hostile or discriminatory work environment, as well as other information relevant to the issues raised by the pleadings.

9.    **Ann Neal – Director, Legal RCG**
       **Phone Number: 954-812-8354**
       **Email: Annneal@rccl.com**

Ann Neal is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, and Plaintiff's policies and practices relating to restrictive covenant agreements, including non-compete, non-solicitation, and confidentiality provisions applicable to employees in Mr. Gomez's role. Ms. Neal is also believed to have knowledge regarding Plaintiff's internal interpretation, enforcement, and administration of such agreements, communications between Mr. Gomez and Plaintiff's legal or human resources personnel concerning Mr. Gomez's employment or post-employment obligations, and communications involving Mr. Gomez relating to workplace concerns or conditions raised prior to his resignation. She may also possess information regarding the circumstances surrounding Plaintiff's decision to pursue enforcement of the restrictive covenants at issue in this action.

10.   **Katina Athanasiou – SVP, Sales & Service for the Americas (equal to Keith Lane)**
       **Phone Number: 954-675-9302**
       **Email: Kathanasiou@celebrity.com**

Katina Athanasiou is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, and the organizational leadership structure within Plaintiff's sales and service divisions. Ms. Athanasiou is also believed to have knowledge regarding Mr. Gomez's job duties, responsibilities, and role within Plaintiff's organization, including his managerial authority and reporting relationships within the leadership team. She is further believed to have knowledge regarding internal leadership communications concerning Mr. Gomez's role, Plaintiff's policies and expectations regarding restrictive covenant agreements applicable to employees in similar roles, and communications within Plaintiff's leadership concerning Mr. Gomez's resignation and subsequent employment.

11.   **Laura Hodges Bethge – President, CEO; generic oversight over company ops**
       **Phone Number: 786-553-8961**
       **Email: Lhodgesbethge@celebrity.com**

Laura Hodges Bethge is believed to know about the general business operations, strategic initiatives, and leadership structure of Plaintiff, including corporate strategy and major operational initiatives undertaken by the company during Mr. Gomez's employment. Ms. Hodges Bethge is also believed to have knowledge regarding internal leadership

communications concerning company projects, including initiatives relating to entry into the river cruise market, and the extent to which such initiatives were discussed within Plaintiff's executive leadership. She may further have knowledge regarding leadership communications concerning Mr. Gomez's role within the organization and the circumstances surrounding Mr. Gomez's departure from employment.

12.     **Corey Wallace − National Accounts Manager**
        **Phone Number: 832-344-6192**
        **Email: Cwallace@celebrity.com**

Corey Wallace is believed to know about Mr. Gomez's employment with Plaintiff, the general business operations of Plaintiff, work communications involving Mr. Gomez, and interactions between Mr. Gomez and members of Plaintiff's leadership team. Mr. Wallace is also believed to have knowledge regarding the workplace environment within Mr. Gomez's department, including statements and conduct by senior leadership that Mr. Gomez contends contributed to a hostile or discriminatory work environment and influenced his decision to resign from Plaintiff. Mr. Wallace is further believed to have knowledge regarding interactions involving Mr. Gomez, Jason Montes De Oca, Keith Lane, and other personnel, as well as other information relevant to the issues raised by the pleadings.

13.     **William Hoelle − Director of Corporate Development**
        **Phone Number: 305-968-0024**
        **Email: whoelle@rccl.com**

William Hoelle is believed to know about the general business operations of Plaintiff and corporate development activities within Royal Caribbean Group, including potential acquisitions, partnerships, and strategic initiatives considered by the company during the relevant period. Mr. Hoelle is also believed to have knowledge regarding internal discussions and due diligence activities relating to AmaWaterways and Plaintiff's evaluation of potential entry into the river cruise market. He may further possess information regarding discussions within Plaintiff's leadership concerning the company's knowledge of or exposure to AmaWaterways' business model and operations during such corporate development activities.

14.     **Amit Sharma − IT Support Specialist, Celebrity Cruises**
        **Email: asharma@celebrity.com**

Amit Sharma is believed to know about Plaintiff's information technology systems, including the structure and security features of the computer systems, networks, and devices used by employees within Mr. Gomez's department. Mr. Sharma is also believed to have knowledge regarding the policies and procedures governing employee access to company systems, the technical safeguards and monitoring systems used to protect company data, and the processes used by Plaintiff to review employee devices and accounts upon employee departure. He may further possess information regarding any

review, audit, or forensic examination of Mr. Gomez's company-issued devices, accounts, or data access conducted by Plaintiff following Mr. Gomez's resignation.

**15.**   **Designated Representative(s), AmaWaterways**
4500 Park Granada, Calabasas, California 91302

The designated representative(s) of AmaWaterways is believed to know about Mr. Gomez's hiring, onboarding, and employment following his resignation from Plaintiffs. The representative(s) is/are expected to know about Mr. Gomez's job duties and responsibilities at AmaWaterways, his role within the company, and AmaWaterways' policies, procedures, and expectations regarding confidential information and the use of proprietary materials belonging to prior employers. The representative(s) are likely to know about any instructions, policies, or discussions provided and had with Mr. Gomez concerning the protection of confidential or proprietary information belonging to Plaintiffs, that Mr. Gomez did not share any privileged, proprietary, or confidential information from Plaintiffs, and the distinctions to be drawn between Plaintiffs' ocean cruise business and AmaWaterways' river cruise business, related issues, and other issues raised by the pleadings.

## ii.  **Documentary and Electronic Information**

The following is a description by category and location of the documents, data compilations, and tangible things in Mr. Gomez's possession, custody, or control that Mr. Gomez may use to support their claims or defenses, unless solely for impeachment:

1. The Exhibits filed of record
2. The Exhibits each party introduced at the evidentiary hearing in this case
3. Materials related to any damages claimed by Plaintiffs (in Plaintiffs' possession)
4. Policies, procedures, and onboarding materials with AmaWaterways (in possession of AmaWaterways)

## iii.  **Damages**

Mr. Gomez does not believe that Plaintiffs suffered any damages or are entitled to recover any damages.

## iv.  **Insuring Agreements**

None.

Coral Gables, Florida │ Detroit, Michigan
FairLaw Firm

### v.  **Rule 26(b)(5)—Privileged Documents Being Withheld by Defendant**

1.      Notes and memoranda prepared by Mr. Gomez and his counsel reflecting confidential information he provided by his counsel regarding the matters at issue in this case. Privileges asserted: attorney/client privilege, attorney work product.

2.      Notes and memoranda prepared by Mr. Gomez and his counsel containing mental impressions, conclusions, opinions, or legal theories concerning this litigation. Privileges asserted: attorney/client privilege, attorney work product.

3.      Correspondence between Mr. Gomez and his counsel regarding this case. Privileges asserted: attorney/client privilege and attorney work product.

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on this 13th day of March 2026, to Tyler A. Sims, Esq., and Paul J. Kennedy, Esq., LITTLER MENDELSON P.C. as *Counsel for Plaintiffs*, TSims@littler.com, PKennedy@littler.com 111 North Orange Avenue, Suite 1750 Orlando, Florida 3280.

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Samuel G. Gonzalez (1011323)
samuel@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Tel: (305) 230-4884
*Counsel for Defendant*